U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

# F I L E D

**October 29, 2012**

**Clerk, U.S. Bankruptcy Court**

## Below is an order of the Court.

*Randall L. Dunn*

**U.S. Bankruptcy Judge**

OD2 (6/29/12) ksw

**UNITED STATES BANKRUPTCY COURT**
**District of Oregon**

In re                                                                    )
 **Andrew Richard Gustafson,** xxx–xx–1012            )   Case No.  **09–36993–rld13**
 **Elise Angelique Gustafson,** xxx–xx–7693           )
Debtor(s)                                                          )
                                                                         )   ORDER OF DISMISSAL
                                                                         )   AND ADMINISTRATIVELY
                                                                         )   CLOSING CASE
                                                                         )
                                                                         )

The Court finding that:

   **The debtor(s) failed to make all plan payment(s) by the required deadline(s).**

   **After due notice to the debtor(s), the trustee's motion to dismiss is granted.**

**IT IS ORDERED** that:

1. This case is dismissed; this case is closed, but only for administrative purposes; and the court shall retain jurisdiction over any adversary proceeding pending at the time of closure.

2. Any trustee (except any Chapter 7 trustee who has already filed a "no asset" inventory and report, and who has not subsequently collected any estate assets) must file any final account as required by Local Rule 2015–1, and upon filing any such final account and any additional final report or account required by the UST the trustee shall, without further court order, be discharged as trustee of the debtor's estate.

3. Any unpaid filing fees are now due and owing. The court will not entertain a motion to reopen this case, or a motion for reconsideration of this order, unless all unpaid fees are paid.

4. Dismissal of the case does not reinstate any transfer avoided by a Chapter 12 or 13 trustee under 11 USC §§544, 547, 548 or 549 to the extent the trustee has received and disbursed proceeds of avoided transfers pursuant to a confirmed Chapter 12 or 13 plan.

5. No further payments will be made to creditors by a trustee; the Bankruptcy Code provisions for an automatic stay of certain acts and proceedings against the debtor(s) and co–debtors and their property are no longer in effect; and creditors should now look directly to the debtor(s) for satisfaction of any balances owing upon their claims.

6. Any previously entered order directing Chapter 13 payments to a trustee is terminated **AND THE DEBTOR'S EMPLOYER (OR OTHER NAMED PARTY) SHOULD DISCONTINUE MAKING PAYMENTS TO THE TRUSTEE.**

###